UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
TRISURA SPECIALTY INSURANCE COMPANY
as subrogee of THE CHOCOLATE FACTORY,

                Plaintiff,

      -against-

DAVID ROBINSON, SERVICE TECS, INC., and
DARCI PLUMBING CO., INC.,

                Defendants.

------------------------------------------------------------------ x

REPORT & RECOMMENDATION

22-CV-3216 (KAM)(MMH)

**MARCIA M. HENRY**, United States Magistrate Judge:

Plaintiff Trisura Specialty Insurance Company filed this subrogation action alleging: (1) breach of contract against David Robinson and Darci Plumbing Co., Inc.; and (2) negligence against Robinson, Darci Plumbing, Service Tecs, Inc., and Ice Age Mechanical Corp. (*See generally* Compl., ECF No. 1.)[1] Before the Court is Robinson's motion to join third-party defendants Luke Galland, MD Squared Property Group, LLC, the Board of Managers of The Chocolate Factory Condominium ("the Board"), and Electrolux Home Products, Inc., d/b/a Frigidaire, pursuant to Federal Rule of Civil Procedure 14(a). (Def. Mot., ECF No. 46; Def. Mem., ECF No. 46-26.) The Honorable Kiyo A. Matsumoto referred the motion for report and recommendation. For the reasons stated below, the Court respectfully recommends that the motion should be **granted** as to Galland and MD Squared Property Group, **denied** as to the Board, and **denied as moot** as to Electrolux Home Products.

---

[1] All citations to documents filed on ECF are to the ECF document number (*i.e.*, "ECF No. ___") and pagination "___ of ___" in the ECF header unless otherwise noted.

1

I.  **BACKGROUND**[2]

This action stems from a gas explosion at a condominium building located at 689 Myrtle Avenue in Brooklyn, New York (the "Building") on August 4, 2021. (Compl., ECF No. 1 ¶¶ 9, 25.) Trisura, an Oklahoma corporation, is the insurer of The Chocolate Factory, the owner of the Building, pursuant to a policy against loss due to physical damage caused by, *inter alia*, fire, smoke, and water. (*Id.* ¶¶ 1, 9–11.) Robinson is a former owner of unit 5I at the Building (the "Incident Unit"), the locus of the explosion. (*Id.* ¶ 12.) Service Tecs, who provides heating and cooling contracting services, and Darci Plumbing, who provides plumbing services, performed certain renovation work at the Incident Unit and elsewhere in the Building. (*Id.* ¶¶ 4, 6, 15.) Ice Age Mechanical, an HVAC contractor, installed a new HVAC system in the Building at some point before the explosion. (*Id.* ¶ 15.)

As alleged, before August 4, 2021, Robinson signed an alteration agreement that allowed him to perform certain renovations within the Incident Unit. (*Id.* ¶¶ 12–13.) Robinson retained Service Tecs and/or Ice Age Mechanical to remove the Incident Unit's existing furnace equipment, disconnect the equipment from the natural gas service lines, cap the gas lines, and install new equipment. (*Id.* ¶ 15.) At some point during the renovations, one of the gas lines in the Incident Unit was not properly capped. (*Id.* ¶¶ 18–19, 23.)

---

[2] The Court relies on the Complaint (ECF No. 1) and the parties' submissions on the motion. Robinson's motion (ECF No. 46) ("Def. Mot.") includes a memorandum of law (ECF No. 46-26) ("Def. Mem."), the Declaration of Michael J. Olsen Jr. (ECF No. 46-1) ("Olsen Decl."), and the declaration's 24 exhibits (ECF Nos. 46-2 to 46-25) ("Olsen Decl. Ex. ___, ECF No. ___"). Robinson also filed a reply brief (ECF No. 52) ("Def. Reply"). Trisura's opposition includes a memorandum of law (ECF No. 48) ("Pl. Mem."), the Declaration of Robert W. Phelan (ECF No. 48-1), and that declaration's three exhibits (ECF Nos. 48-2 to 48-4).

2

Also before August 4, 2021, The Chocolate Factory retained Darci Plumbing to perform work on the main gas line in the Building's basement. (*Id.* ¶ 21.) During these renovations, Darci Plumbing's workers turned off the valves used to control the flow of gas to individual units in the Building. (*Id.* ¶ 22.) On August 4, 2021, the Darci Plumbing workers turned the valves on, which caused gas to fill the Incident Unit. (*Id.* ¶ 23.)

Meanwhile, Robinson sold the Incident Unit to Galland around July 14, 2021. (*Id.* ¶ 20.) On August 4, 2021, Galland turned on the gas stove in the Incident Unit, which ignited the escaped natural gas and caused fire and smoke to spread throughout the Building. (*Id.* ¶ 25.) Galland suffered burn injuries. (Olsen Decl. Ex. Q (Galland Interview), ECF No. 46-18.) The explosion activated the Building's fire sprinkler system, causing water damage to the Building. (Compl., ECF No. 1 ¶ 25.)

In state court, Galland sued The Chocolate Factory, Service Tecs, Darci Plumbing and others in one action and Robinson in another.[3] The Chocolate Factory submitted a claim to Trisura for loss and damage to its personal property. (*Id.* ¶ 28.) Trisura paid The Chocolate Factory over $1.2 million for the damages and losses sustained pursuant to its obligations under the insurance policy. (*Id.* ¶ 29.)

Trisura, as subrogee of The Chocolate Factory, filed the Complaint on June 1, 2022, alleging negligence and breach of contract against Robinson, Service Tecs, Darci Plumbing, and Ice Age Mechanical. (*See generally* Compl., ECF No. 1.) Defendants timely answered

---

[3] The consolidated state court case includes *Luke Galland v. Ronald Haskin et al.*, No. 528247/2022 (Sup. Ct. Kings) and *Luke Galland v. David Robinson*, No. 518973/2022 (Sup. Ct. Kings).

the Complaint and asserted crossclaims against each other.[4] (ECF Nos. 24–30.) Following a Rule 16 conference, the Court issued a scheduling order designating November 29, 2022 as the deadline to join new parties. (ECF No. 38.)

In the instant motion, filed November 29, 2022, Robinson requested to implead four third-party defendants: (1) Galland, the resident of the Incident Unit at the time of the explosion; (2) MD Squared Property Group, the current management company of the Building; (3) the Board; and (4) Electrolux Home Products, the manufacturer of the stove in the Incident Unit, though Robinson later withdrew the request as to Electrolux Home Products. (*See generally* ECF Nos. 46, 46-26, 57.) Trisura opposed impleader of the Board. (Pl. Opp., ECF No. 48 at 5–6.) Robinson replied. (Def. Reply, ECF No. 52 at 3, 6.)[5]

## II.     LEGAL STANDARDS FOR JOINDER

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). The third-party plaintiff "must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days have passed after serving its original answer." *Id.*

> The "general purpose" of the rule enabling impleading a third party is "to avoid two actions which should be tried together to save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time

---

[4] Each defendant asserted crossclaims against the other defendants, except Service Tecs, who asserted crossclaims against Darci Plumbing and Ice Age Mechanical only. (ECF Nos. 14, 16, 24–25.) Darci Plumbing filed a third-party complaint against Kenji Ryuko, a carpenter who performed work in the Incident Unit, but later dismissed the claims. (ECF No. 45; *see* Jan. 24, 2023 Order, ECF No. 51.) All parties have since dismissed their claims against Ice Age Mechanical. (*See* Mar. 1, 2023 Order, ECF No. 55.)

[5] Without seeking leave, Trisura filed a sur-reply on March 23, 2023, which the Court struck as improper. (Apr. 13, 2023 Order.)

4

> difference between a judgment against him and a judgment [in] his favor against the third-party defendant."

*Ouattara v. Amazon.com, Inc.*, No. 22-CV-1753 (JLR), 2022 WL 17167983, at *1 (S.D.N.Y. Nov. 22, 2022) (quoting *Dery v. Wyer*, 265 F.2d 804, 806–07 (2d Cir. 1959)).

"A third-party action, also known as an impleader action, must be dependent on, or derivative of, the main claim." *Sidik v. Royal Sovereign Int'l Inc.*, No. 17-CV-7020 (ADS)(ARL), 2019 WL 8275239, at *1 (E.D.N.Y. Mar. 5, 2019) (citing *Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 438 (2d Cir. 2000)). "A claim is 'dependent on' another if there is a strong 'causal link' between the two, such that the outcome of the second is contingent on the first." *E.C. Contracting, Inc. v. D.F. Pray, Inc.*, No. 19-CV-6813 (FB)(VMS), 2021 WL 1152938, at *1 (E.D.N.Y. Mar. 26, 2021) (citation omitted). "A claim is 'derivative of' another when a defendant alleges that another is secondarily liable to it as a contributor. . . . The traditional 'derivative' claims are indemnification, contribution and subrogation." *Id.* at *2 (citation omitted).

"[T]he decision whether to permit a defendant to implead a third-party defendant rests in the trial court's discretion." *ACE Am. Ins. Co. v. Sprain Assocs., LLC*, No. 20-CV-4296 (MKV), 2021 WL 1687277, at *4 (S.D.N.Y. Apr. 29, 2021) (quoting *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984)). "Factors relevant to determining whether to grant leave to implead a third party include: (a) whether the moving party deliberately delayed or was derelict in filing the motion; (b) whether impleading would unduly delay or complicate the trial; (c) whether impleading would prejudice the plaintiff or the third-party defendant; and (d) whether the proposed third-party complaint states a claim upon which

5

relief can be granted." *iBasis Glob., Inc. v. Diamond Phone Card, Inc.*, 278 F.R.D. 70, 74 (E.D.N.Y. 2011) (citation omitted).

### III. DISCUSSION

As an initial matter, no party has opposed the request to implead MD Squared Property Group or Galland as third-party defendants. Instead, Trisura opposes Robinson's request to file a third-party complaint against the Board. (Pl. Opp., ECF No. 48.) As set forth below, the Court respectfully recommends granting defendant Robinson's motion to implead Galland and MD Squared Property Group and denying the motion as to the Board.

#### A.  Impleader of Galland and MD Squared Property Group

Robinson seeks to implead Galland and MD Squared Property Group, alleging, *inter alia*, claims of contribution and common law indemnification against MD Squared Property; and claims of contractual contribution, contribution, and common law indemnification against Galland. (Olsen Jr. Decl. Ex. N, ECF No. 46-15 at 6–11.) Third-party contribution and indemnification claims such as these are appropriate for joinder under the Federal Rules of Civil Procedure. *Sidik*, 2019 WL 8275239, at *2.

Further, all of the relevant factors weigh in favor of impleading Galland and MD Squared Property Group. Robinson did not deliberately delay in seeking joinder because he moved to file a third-party complaint by the deadline in the Court's Rule 16(f) Order. (*See* ECF No. 28.) Impleading Galland and MD Squared Property Group would not complicate or unduly delay trial because trial has not yet been scheduled. The claims in the third-party complaint arise out of the same occurrence that is the subject matter of Trisura's claim and purport to pass on Robinson's liability to the owner of the Incident Unit and the Building's management company. (Def. Mem., ECF No. 46-26 at 7.) The Court does not find, nor has

6

any party argued, that impleading Galland and MD Squared Property Group would cause prejudice because discovery is still ongoing and there is ample time for the parties to be prepared for trial on the third-party claims.

Additionally, Robinson's third-party complaint appears to state a claim for relief because "[i]t suggests that [Robinson] has a right to seek contribution and/or indemnity from [Galland and MD Squared Property Group ]." *Travelers Indem. Co. v. Harleysville Worcester Ins. Co.*, No. 16-CV-8917 (KPF), 2017 WL 11700640, at *1 (S.D.N.Y. May 3, 2017). "To establish a right to contribution in New York between parties in privity, a third-party plaintiff must demonstrate that a third-party defendant owed it a duty of reasonable care independent of its contractual obligations, or that a duty was owed to the plaintiff as an injured party and that a breach of this duty contributed to the alleged injuries." *Rydstrom v. Home Depot U.S.A., Inc.*, No. 16-CV-2833 (SJF)(SIL), 2019 WL 117600, at *6 (E.D.N.Y. Jan. 7, 2019) (cleaned up), *adopted by* 2019 WL 438478 (E.D.N.Y. Feb. 4, 2019). Relatedly, "an indemnity cause of action can b[e] sustained only if the third-party plaintiff and the third-party defendant have breached a duty to the plaintiff and also if some duty to indemnify exists between them." *Komatsu Equip. Co. v. Ravyn & Robyn Constr., LLC*, No. 17-CV-2010 (SJF)(AYS), 2018 WL 5456671, at *3 (E.D.N.Y. July 27, 2018) (cleaned up), *adopted by* 2018 WL 4853052 (E.D.N.Y. Sept. 28, 2018), *aff'd sub nom. Indus. Water Sols., LLC v. Ravyn & Robyn Constr., LLC*, 789 F. App'x 920 (2d Cir. 2020). Robinson attaches the rider to the sale contract for the Incident Unit, which includes an indemnification clause that the purchaser (Galland) agrees to indemnify the seller (Robinson). (*See* Olsen Decl. Ex. N, ECF No. 46-15 at 7 ¶ 29; *id.* at 129 ¶ 12.) Robinson further alleges that MD Squared Property Group and Galland owed him a

duty that they breached through negligent conduct.  (*See* Olsen Decl. Ex. N, ECF No. 46-15 ¶¶ 8, 10, 23, 25, 30–31, 33, 35.)

Accordingly, where, as here, "[t]he Court finds that the . . . motion was not the result of undue delay, will not complicate any future trial and will not cause prejudice to [Galland and MD Squared Property Group]," the Court should grant leave to file a third-party complaint against Galland and MD Squared Property Group.  *Sidik*, 2019 WL 8275239, at *2.

### B. Impleader of the Board

Robinson also seeks to implead the Board, alleging common law claims of contribution, indemnification, and failure to obtain insurance.  (Olsen Jr. Decl. Ex. N, ECF No. 46-15 at 4–6.).  In opposition, Trisura contends that Robinson should contest the Board's comparative negligence in his answer to Trisura's subrogation claim, not in a third-party complaint, because Trisura stands in the shoes of the Board, its subrogee.  (Pl. Opp., ECF No. 48 at 5, 6.)  Robinson counters that Trisura has not fully stepped into the shoes of the Board because it has not fully compensated the Board and that under these circumstances a third-party action is appropriate.  (Def. Reply, ECF No. 52 at 3, 6.)

Robinson's proposed third-party claims against the Board are not appropriate for joinder under New York law.  "Subrogation is an equitable doctrine that 'allows an insurer to stand in the shoes of its insured and seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse.'"  *Liberty Mut. Ins. Corp. v. New York Marine & Gen. Ins. Co.*, 590 F. Supp. 3d 597, 607 (S.D.N.Y. 2022) (quoting *Kaf-Kaf, Inc. v. Rodless Decorations, Inc.*, 90 N.Y.2d 654, 660 (1997)).  As noted at oral argument on the motion, Trisura has completed its payments under the policy and therefore, as subrogor, obtained the rights to any claims and defenses its insured asserts.  *Allied World Surplus Lines*

8

*Ins. Co. v. Hoffman Int'l, Inc.*, No. 19-CIV-7073 (JCM), 2020 WL 4925618, at *5 (S.D.N.Y. Aug. 21, 2020) (citation omitted). Moreover, impleading the Board would complicate a trial where, as here, the insurer (Trisura) is the plaintiff and that insurer's insured (the Board) would be a third-party defendant. The increased complexity would include the Court having to explain the law of subrogation to the jury to ensure that they properly view Trisura and the Board as having the same rights even though Trisura and the Board would be adverse to each other.

Additionally, impleading the Board would prejudice Trisura substantially because "under the antisubrogation rule, 'an insurance company cannot recover from its own insured for the very risk for which the insured was covered.'" *Liberty Mut. Fire Ins. Co. v. E.E. Cruz & Co.*, 475 F. Supp. 2d 400, 407 (S.D.N.Y. 2007) (quoting *Dillion v. Parade Mgmt. Corp.*, 702 N.Y.S.2d 368, 370 (N.Y. App. Div. 2000)). If Robinson was found liable in Trisura's first-party subrogation action, a third-party defendant such as the Board would be required to contribute to Robinson's payments to Trisura. This outcome would put Trisura in the untenable position of collecting payments from the Board, its insured, for losses covered in its policy with The Chocolate Factory, its insured.

In contrast, the risk of prejudice to Robinson is minimal and can be mitigated. For example, Robinson may allege affirmative defenses against Trisura that are similar to his potential claims in a third-party action against the Board. This is proper because "'[an insurer's] claim as subrogee is subject to whatever defenses the third party might have asserted against its insured.'" *Liberty Mut. Ins. Corp.*, 590 F. Supp. 3d at 607 (quoting *Nationwide Mut. Ins. Co. v. U.S. Underwriters Ins. Co.*, 59 N.Y.S.3d 1, 2 (1st Dep't 2017).) Indeed, in his answer to Trisura's Complaint, Robinson pleads the following:

> 17. That if the accident and damages occurred as alleged by plaintiff in its Complaint, said losses and/or damages were attributable, in whole or in party, to the culpable conduct of plaintiff and plaintiff's subrogors (hereinafter, collectively, "Plaintiffs") including, but not limited to, negligence, carelessness, recklessness and/or assumption of risk.
>
> 18. By reason of the foregoing, ROBINSON demands that any damages recovered or any judgment recovered by Plaintiffs against ROBINSON be reduced accordingly, pursuant to CPLR § 1411, in the proportion which the culpable conduct attributable to Plaintiff[s] bears to the culpable conduct, if any, of ROBINSON.

(Def. Ans., ECF No. 25 at 3 ¶¶ 17–18.)  Further, Robinson is "free to commence a separate action for contribution [and indemnification] in the event [he is] ultimately found liable to plaintiff." *Yash Raj Films (USA) v. Kumar*, No. 05-CV-3811 (FB)(KAM), 2006 WL 8439166, at *5 (E.D.N.Y. June 20, 2006); *see also Lupia v. New Jersey Transit Rail Operations, Inc.*, No. 21-CV-11077 (LJL), 2022 WL 16549227, at *3 (S.D.N.Y. Oct. 31, 2022) (same).

In sum, after reviewing the relevant factors, the Court respectfully recommends that Robinson's request to implead the Board should be denied.

### IV.  <u>CONCLUSION</u>

Based on the foregoing, the Court respectfully recommends that Robinson's motion for joinder at ECF No. 46 should be **granted in part and denied in part**.  Specifically, the Court should permit Robinson to file a third-party complaint against MD Squared Property Group, LLC and Luke Galland and should deny the request as to the Board of The Chocolate Factory Condominium.  The Court also respectfully recommends that Robinson's request to file a third-party action against Electrolux Home Products, Inc., d/b/a Frigidaire, should be denied as moot.

A copy of this Report and Recommendation is being served on all parties via ECF.  Within 14 days of service, any party may serve and file specific written objections to this

Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  Any requests for an extension of time to file objections shall be directed to Judge Matsumoto.  If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision.  *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
July 14, 2023

    /s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge